**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kari A. Gustafson,

           Plaintiff,

v.

TransPerfect Global, Inc., TransPerfect
Translations International, Inc. d/b/a
Translations.com, and Andrew Minton,

           Defendants.

Civ. No. 26-cv-1687 (JWB/SGE)


**ORDER**

---

This matter is before the Court on pro se Plaintiff Kari Gustafson's Motion for Leave to File a Second Amended Complaint as to Count II Only. (Dkt. 35.) Defendants TransPerfect Global, Inc., TransPerfect Translations International, Inc., and Andrew Minton oppose the Motion.

## BACKGROUND

On March 2, 2026, Plaintiff commenced this action against Defendants arising from her employment as an account manager with TransPerfect. She alleges that Defendants terminated her employment to avoid covering a high-cost medical procedure she was planning to undergo.

On April 17, 2026, Plaintiff filed an Amended Complaint alleging discrimination and retaliation in violation of the Americans with Disabilities Act and the Minnesota Human Rights Act, benefit interference under the Employee Retirement Income Security

Act (ERISA), and interference and retaliation under the Family Medical Leave Act. (Dkt. 13.) Defendants then moved to dismiss the ERISA claim, arguing that Plaintiff failed to plausibly allege the requisite intent to interfere with her benefits.[1] (Dkt. 20, at 24-26.)

In response to Defendants' challenge to her ERISA claim, Plaintiff filed this Motion for Leave to File a Second Amended Complaint. She seeks to incorporate more detailed facts she recently obtained from the ERISA plan administrator, Benefits and Risk Management Services, Inc. (BRMS), in the proposed Second Amended Complaint. She contends that these new facts will remedy the issues identified by Defendants in their Motion to Dismiss her ERISA claim. She does not seek to amend any other aspect of the current operative complaint. Defendants argue that Plaintiff's Motion should be denied as futile and prejudicial.

### **ANALYSIS**

The Federal Rules provide that courts should "freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). This forgiving standard does not, however, give parties an absolute right to amend their claim for any reason at any time. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). Courts can deny a motion to amend for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (cleaned up).

---

[1] In the same Motion, Defendants also move to transfer venue based on a forum selection clause and to dismiss the others claims. (*See* Dkts. 18, 20.) That Motion is pending before the presiding District Court Judge, the Honorable Jerry W. Blackwell.

An amendment is futile where the proposed claim "could not withstand a motion to dismiss under Rule 12(b)(6)." *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014) (cleaned up). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff is entitled to relief by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (cleaned up); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the court must take all of the plaintiff's allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"Section 510 of ERISA prohibits ... an employer from discharging or discriminating against a participant in an ERISA plan 'for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan.'" *Barnhardt v. Open Harvest Co-op.*, 742 F.3d 365, 369 (8th Cir 2014) (quoting 29 U.S.C. § 1140). To plausibly state a claim for benefit interference under § 510, a plaintiff must allege that the defendant "possessed a 'specific intent to interfere' with her ERISA benefits." *Manning v. Am. Republic Ins. Co.,* 604 F.3d 1030, 1044 (8th Cir. 2010) (quoting *Pendleton v. QuikTrip Corp.,* 567 F.3d 988, 992 (8th Cir. 2009)). "[S]pecific intent is present where the employee's (future or present) entitlement to protected benefits is a motivating factor in the employer's decision." *Koons v. Aventis Pharms., Inc.,* 367 F.3d 768, 777 (8th Cir. 2004). "A factor is motivating if it can be said that it has 'a determinative influence on the

3

outcome.'" *Id.* (quoting *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 141 (2000)).

Here, the Court finds that Plaintiff's proposed amendment could withstand a motion to dismiss and therefore is not futile. Plaintiff has set forth numerous facts which, if proven, could support a claim for benefits interference under ERISA. She specifically alleges the following:

(1)    Defendants were aware of her desire to seek treatment for migraines through Reed Migraine Centers, which entailed implantation of a spinal cord stimulator (SCS). (Dkt. 35-1 ¶ 20.)

(2)    Defendants were financially responsible for claims under ERISA and could see authorization activity administered by BRMS. (*Id.* ¶ 20(a)).

(3)    The process for securing coverage for the SCS began on May 13, 2025. (*Id.* ¶ 20(b)).

(4)    Reed Migraine Centers "initiated the precertification process" with BRMS on May 23, 2025. (*Id.*)

(5)    The "authorization period for the spinal cord stimulator procedure was effective June 30, 2025."[2] (*Id.* ¶ 20(c).)

(6)    On July 3, 2025, BRMS "initiat[ed] the authorization process" for the SCS procedure. (*Id.*)

---

[2] Although the precise meaning of this is unclear, from the Court's perspective it suggests that Plaintiff was one step closer to getting approval for the SCS.

(7)     After the process was initiated, Defendants cancelled a standing weekly meeting with Plaintiff scheduled for July 3, 2025, and rescheduled it for July 7, 2025. (*Id.*)

(8)     Defendants made the decision to terminate Plaintiff's employment on July 3, 2023, after BRMS began the SCS procedure authorization process. (*Id.*)

(9)     Defendants terminated Plaintiff's employment on July 7, 2025, and immediately terminated her benefits through BRMS rather than covering her through the end of July per company policy, which would have allowed her to undergo the procedure while still insured. (*Id.* ¶¶ 20(d), 20(f), 20(g), 20(h).)

(10)    On July 8, 2025, BRMS authorized the SCS procedure for the period of June 30 to July 31, 2025. (*Id.* ¶ 20(e).)

(11)    Because she was no longer insured, Plaintiff was unable to undergo the SCS procedure and another procedure on her left foot, as planned. (*Id.* ¶ 20(h), (20)(1).)

When considered together, these allegations are sufficient for present purposes to allege that Defendants had specific intent to interfere with Plaintiff's ERISA benefits. The Court is unpersuaded by Defendants' arguments to the contrary.

Defendants contend that Plaintiff merely alleges that they knew that she wanted to undergo the SCS procedure. Plaintiff alleges more, however. She alleges that Defendants were able to track the authorization process through BRMS and were aware that authorization was imminent. That may not prove to be the case, but at this stage of the proceedings, it is enough. Defendants also contend that Plaintiff has failed to link her termination to a specific person with knowledge of the authorization process. She does allege that Defendant Andrew Minton, her supervisor and "direct decisionmaker" knew of

5

her planned procedure and that Defendants were able to track her authorization process. The Court does not believe more is needed at this juncture. Defendants' remaining factual arguments contradicting Plaintiff's allegations are unavailing, as the Court must accept those allegations as true.

Defendants lastly argue that they will be prejudiced if the Motion to Amend is granted because it would require them to re-brief their Motion to Dismiss arguments before Judge Blackwell. The Court disagrees. The ERISA arguments are just one part of the broader Motion to Transfer or Dismiss. Defendants have already briefed the matter for purposes of this Motion so it should not take undue time and resources to prepare the arguments for Judge Blackwell.

## **CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Motion for Leave to File a Second Amended Complaint as to Count II Only (Dkt. 35) is **GRANTED**;

2. Plaintiff shall file a Second Amended Complaint by August 6, 2026; and

3. Plainitff's Second Amended Complaint shall include all of her claims against Defendants as set forth in the First Amended Complaint along with the approved changes to Count II as set forth in this Order. Plaintiff is not permitted to make any other amendments.

Date: July 24, 2026          *s/Shannon G. Elkins*
                             SHANNON G. ELKINS
                             United States Magistrate Judge

6